## GEORGE HYMAN CONSTRUCTION COMPANY, INC. v. AMERICAN DRUGGISTS' INSURANCE COMPANY
Case No. 82-12729 (05)
82-12993(05)
Eleventh Judidical Circuit, Dade County
April 21, 1983

Jeffrey B. Crockett, Steel Hector & Davis, for plaintiff.

Edward L. Nowak, Palmer Howard & Nowak, for defendant.

JON I. GORDON, Circuit Judge.

ORDER STRIKING AFFIRMATIVE DEFENSES, AWARDING SANCTIONS, COMPELLING PRODUCTION OF DOCUMENTS AND COMPELLING ANSWERS TO INTERROGATORIES

This cause came on before the Court upon Plaintiff's Motion to Compel Responses to Interrogatories and Plaintiff's Motion to Compel, to Strike Affirmative Defenses and for Sanctions. The Court has read the submissions filed by the parties, has reviewed the record in this

case, has heard argument of counsel at the hearing on April 12, 1983, and is otherwise fully conversant with the various matters involved in this case which have been argued before during the course of a number of hearings. Predicated upon all of the foregoing, the Court has determined that the Motion should be granted in the following particulars and for the following reasons:

Two actions were filed by Plaintiff on July 6 and September 1, 1982, seeking recovery under two performance bonds executed by Defendant in connection with construction at the Dade County Cultural Center. Plaintiff contends that the Defendant was liable as a surety for a defaulting principal, Donnalou Painting Inc., and that Defendant was therefore liable to reimburse Plaintiff for "any and all loss, damage and expenses, including costs and attorney's fees", which Plaintiff incurred by reason of the actions of Defendant's principal, as set forth in the bonds attached to the complaints. On September 22, 1982, this Court consolidated the two actions under this case number for all purposes.

Defendant interposed several affirmative defenses: failure to mitigate damages, invalidity of the surety bond under Section 725.06, Florida Statutes and failure of Plaintiff to pay, supervise or promptly terminate Donnalou Painting.

On August 11, 1982, the Plaintiff served its first set of interrogatories and a production request addressed to the facts underlying these affirmative defenses. On September 28, 1982, when Defendant had failed to timely respond to these discovery requests, the Plaintiff filed a motion to compel which was granted by this Court by agreed order dated October 12, 1982, requiring Defendant to comply within ten days. Despite the Court's order, the Defendant did not serve its response until November 5, 1982, and neither produced nor agreed to produce any documents.

On November 10, 1982, the Plaintiff filed a second motion seeking to strike all of the Defendant's affirmative defenses on the grounds that the court-ordered production was not complied with in a timely fashion and that the answers to interrogatories with respect to the defenses were "so evasive, vague and incomplete as to represent a complete failure to answer at all".

At the time of the hearing on that second motion, the Court denied the sought-after sanctions, but without prejudice to the filing of a motion for summary judgment. *Order Denying Motion to Strike without Prejudice to Motion For Partial Summary Judgment,* dated January 20, 1983.

On December 8,1982, this Court had entered its "Order Setting Cause for Jury Trial and Pre-Trial Instructions," setting the case for the two-week period starting on March 14, 1983. One month later, on January 11, 1983, this Court entered its "Order of Pretrial Conference" setting this matter for conference on February 11, 1983. On January 19, 1983, counsel for Defendant filed a Motion for Continuance, claiming that no one in his office had known that the case had been set for trial. Defendant also claimed that the legal and factual issues involved in this cause were complex and would require full and detailed discovery prior to any Pretrial Conference. He also claimed that the attorney who would try the case would be unable to attend trial at the scheduled time. He sought a continuance of the trial date.

On January 11, 1983, in accordance with the Court's order, the Plaintiff filed a detailed Pretrial Catalog. Defendant, on the other hand, failed to file or to seek an extension within which to serve his catalog.

Despite the foregoing, on February 1, 1983, at a hearing on the motion for continunance this Court gave Defendant the benefit of the doubt and continued the matter predicated upon his claimed surprise and need to set a "multitude of depositions" and to review "voluminous documents." At that same hearing the Plaintiff moved to shorten the time for response to its second production of documents, dated January 25, 1983. Defendant's counsel represented to the Court that defendant would respond timely to the production request, which essentially asked for Defendant's investigative files and again sought any documents supporting the Defendant's affirmative defenses. Since the Court had continued the time of the trial, it denied expedited compliance and ordered production within the normal time period set forth in the rules. Despite this Court's Order to Produce and Defendant's counsel indication to Plaintiff's counsel that he would comply with the Request for Production of Documents if granted a day or two extension, no documents were forthcoming when Defendant finally and in an untimely fashion served its response, which again provided no documents.

On February 9, 1983, Plaintiff served a second set of interrogatories seeking to determine from Defendant the same types of information which it had already disclosed in its Pretrial Catalog and in its answers to Defendant's earlier filed interrogatories, that is, the factual basis and the indentity of witnesses supporting Defendant's position in the litigation.

On March 3, 1983, Plaintiff filed a Motion to Compel, to Strike Affirmative Defense and for Sanctions for failure of Defendant to provide any documents in response to the Request, as promised by Defendant and as ordered by the Court. On March 31, 1983, the

Plaintiff filed another Motion to Compel Responses to the Second Set of Interrogatories, the answers to which were then overdue.

All these matters came on before the Court for hearing on April 12, 1983. At the time of that hearing, the Court examined the various papers and gave both attorneys an opportunity to respond fully to the allegations on both sides. Despite Defendant's counsel's statement that he had not recalled the earlier order entered by the Court and was confused by the request, it is manifestly clear to this Court that the failure to receive orders, remembers orders, and to comply with discovery requests, establishes a pattern of wilfull violation of court orders, a complete lack of concern with the requirements of the rules of discovery and patent disregard for representations made to the Court.

Furthermore, the Court is concerned with the correctness of various representations made to it in support of the motion to continue and otherwise. Predicated upon the colloquy between counsel at the time of hearing, it is apparent that the "multitude of depositions" turned out to be two days of depositions and Defendant has yet to collect the documents which plaintiff has made available and has copied.

The collective effect of all the conduct described in this order is a pattern and practice of wilfull delay and obstruction of the due progress of this case by Defendant, without any good faith explanation satisfactory to this court. This case is ready to be set for trial, and plaintiff has been prejudiced by defendant's failure to disclose any factual basis for its affirmative defenses.

The Court is aware that striking affirmative defenses and awarding sanctions is a serious matter. Nonetheless, the Defendant has failed to produce any material or answers sought by the Plaintiff to provide any factual support for them in the ten months since they have been involved in the litigation. Therefore, and after due consideration, it is

ORDERED AND ADJUDGED that the Motion to Compel, to Strike Affirmative Defenses and for Sanctions, be and the same is hereby granted. All affirmative defenses pled by Defendant in these consolidated cases be and the same are hereby stricken. It is further

ORDERED AND ADJUDGED that the Motion to Compel Responses to Interrogatories be and the same is hereby granted. The Defendant is required to respond to the Second Set of Interrogatories within five (5) days of the entry of this order. It is further

ORDERED that the Defendant comply with the Request for Production of Documents, which it has failed to date to do, within five (5) days of the entry of this Order. It is further

ORDERED AND ADJUDGED that sanctions for failure to comply with orders of this Court and with discovery are granted, with the Court reserving jurisdiction to set amounts of attorneys fees and costs upon later application by Plaintiff.